■ In the Matter of the Claim of CATHERINE DI CICCO, Respondent, against LIEBMANN BREWERIES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and carrier appeal from an award of death benefits in a heart case. Decedent was a helper on a beer delivery truck. On the first delivery on the day of the attack decedent and the driver unloaded five cases of bottled beer weighing from 45 to 50 pounds each. The driver handed three empty cases up from the cellar to decedent, who put them on the truck. The next stop was one block away, and there decedent handed the driver a carton of cans of beer weighing 20 to 25 pounds. As decedent started to move the next carton he sat down, fell back, and shortly thereafter died. While this was decedent's usual·work it was described as "fairly heavy work" and, if it were the cause of death, would ordinarily support an award. However, here autopsy revealed no fresh thrombosis, obstruction or heart injury. The cause of death was acute coronary insufficiency and "was due basically to his extreme atherosclerosis and advanced stenosis." This is from the testimony of the only doctor who testified, that the effort of the work "triggered" the fatal attack. However, he admitted that any effort would be unusual for this man and that because of his underlying disease any effort, even slight effort, might cause death. Consequently, the ordinary wear and tear of life would have produced the same result, and it was the disease and not the work which brought about death. Under such circumstances a mere opinion that the effort of work "triggered" the attack is not substantial evidence of an accident. The case would seem to come squarely within the rule laid down in Matter of Burris v. Lewis (2 N Y 2d 323). Award reversed and the claim dismissed, without costs. Coon, Gibson, Herlihy and Reynolds, JJ., concur; Bergan, P. J., dissents, and votes to affirm in the following memorandum: Decedent was performing continued heavy physical work in the midst of which he suffered a heart attack and died. An adequate hypothetical question was the basis of competent and categorical medical opinion of association between the hard work and his death. In effect the physician said the heavy work put too great a thrust upon the heart and the vascular system already impeded by disease; and he expressed the view that the close continuity without intervening rest between the carrying of the heavy packages and the lighter ones was a factor in the occurrence of the cardiac failure. In many cases similar situations have been treated as accidents. The award should be affirmed.